UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNG NGOC HO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | No. CV 17-6046 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed this action on August 15, 2017. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 11, 13.) On May 16, 2018, the parties filed a Joint Stipulation ("JS") that addressed the disputed issue. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for further proceedings consistent with this opinion.

# I.

# PROCEDURAL BACKGROUND

Plaintiff filed an application for supplemental security income on April 30, 2014 and alleged an onset date of October 1, 2013. Administrative Record ("AR") 15. The application was denied initially and on reconsideration. AR 15, 52, 62. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On October 25, 2016, the ALJ conducted a hearing at which Plaintiff testified. AR 26-43. On January 31, 2017, the ALJ issued a decision denying benefits. AR 12-21. On June 16, 2017, the Appeals Council denied review. AR 1-5. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Plaintiff had the severe impairment of breast cancer. AR 17.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work. She could lift/carry up to 50 pounds occasionally and up to 25 pounds frequently; sit, stand or walk for six hours in an eight-hour workday with normal breaks; and frequently reach overhead with the left upper extremity. She could perform past relevant work as a sewing machine operator. AR 20-21.

## C. Past Relevant Work

"At step four, claimants have the burden of showing that they can no longer perform their past relevant work." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Id.*

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

"Work you have already been able to do shows the kind of work that you may be expected to do. We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity." 20 C.F.R. § 416.965(a).

The ALJ found that Plaintiff performed past relevant work as a sewing machine operator "within 15 years of the date of this decision." AR 20. Plaintiff contends, and the Commissioner does not dispute, that she last performed work as a sewing machine operator in 2001, a little more than 15 years before the date of the ALJ's decision on January 31, 2017. AR 143. The ALJ's factual finding is therefore erroneous.

The question becomes whether this incorrect factual finding is harmless. Plaintiff argues that the error is not harmless because, under the regulations, a claimant who is at least 55 years old, has no more than a limited education and has no relevant work experience is deemed disabled. 20 C.F.R. § 416.962(b). There is no dispute that Plaintiff was 57 years old when she applied for benefits and 60 years old when the ALJ adjudicated her claim. The evidence in the record shows that Plaintiff has a third grade education from Vietnam. AR 143; *see also* AR 33.

This matter is remanded for consideration of whether Plaintiff's work, outside the 15-year guideline, is classified as past relevant work.[2] As the Commissioner correctly points out, the 15-year period is a guide and not a bright light rule. "We do not usually consider that work you did 15 years or more before the time we are deciding whether

---

[2] The Commissioner's citation to *Figueroa v. Berryhill*, 2018 U.S. Dist. LEXIS 79448 (C.D. Cal. May 10, 2018) is inapposite. In *Figueroa*, the claimant argued to the ALJ that her past job as a sewing machine operator should not be classified as past relevant work because she last performed it more than 15 years before the date last insured. *Id.* *12. The ALJ "necessarily rejected that argument" by finding that her job constituted past relevant work. *Id.* *14. By contrast, the ALJ in this case made a factual finding that the sewing machine operator was performed within the 15-year period and therefore had no reason to consider whether that work would constitute past relevant work if performed outside the 15-year guideline. This court reviews the reasons given in the ALJ's decision. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

you are disabled applies.  A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply.  The 15-year guide is intended to insure that remote work experience is not currently applied." *Id.*; Social Security Ruling 82-62 ("The 15-year guide is intended to insure that remote work experience which could not reasonably be expected to be of current relevance is not applied."  "[I]n some cases work performed prior to the 15-year period may be considered as relevant when a continuity of skills, knowledge, and processes can be established between such work and the individual's more recent occupations.").

For example, the Ninth Circuit recently addressed this issue in the context of bookkeeping.  "[I]t strains credulity to believe that bookkeeping skills acquired in a pre-computer era qualify a person to perform that job decades later in a post-computer world.  Unlike a skill like driving a motor vehicle, bookkeeping is a skill likely to be lost with the passage of the amount of time involved in this case." *Kawelo v. Berryhill*, 2018 U.S. App. LEXIS 11901, *4 (9th Cir. May 7, 2018).

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and remanded for further proceedings consistent with this opinion.

DATED: May 21, 2018

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5